NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3867-15T1

THOMAS J. DEGRAZIA,

 Appellant,

v.

BOARD OF REVIEW, DEPARTMENT OF
LABOR AND WORKFORCE DEVELOPMENT
and PRINCETON TECTONICS,

 Respondents.
___________________________________

 Submitted November 13, 2017 – Decided November 28, 2017

 Before Judges Sabatino and Ostrer.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 074866.

 Thomas DeGrazia, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Robert M. Strang, Deputy
 Attorney General, on the brief).

 Respondent Princeton Tectonics has not filed
 a brief.

PER CURIAM
 Thomas J. DeGrazia appeals from the decision of the Board of

Review, denying him unemployment benefits because he left his job

voluntarily, without good cause attributable to work. We affirm.

 On September 27, 2015, DeGrazia quit his job as a shipping

manager for Princeton Tectonics after over fourteen years of

employment. He testified that he quit because the mounting stress

and pressure of the job, over the previous two years, caused him

to suffer various physical ailments, including headaches and chest

pains. He said he sought medical treatment, and his physician

prescribed various diagnostic tests, but had not formulated a

definitive diagnosis. However, he had been prescribed "anti-

depressant or anti-anxiety medicine."

 In support of his claim, DeGrazia introduced into evidence a

November 16, 2015 note from his physician, which stated, "Due to

mental health issues please extend Thomas' unemployment benefits

through December 1, 2015." DeGrazia testified that his doctor

asked if he could "take it easy," but DeGrazia told him that he

could not do so and remain on the job.

 DeGrazia asserted that he told his superiors that the job was

making him sick. DeGrazia admitted that he never asked for medical

leave or accommodations at work. In essence, he asserted it would

have been futile, because he perceived there was no alternative

work for him.

 2 A-3867-15T1
 Upon review of his claim's initial rejection, the Appeal

Tribunal held that DeGrazia was required to submit "specific

medical records to validate [the] contention" that his job impaired

his health. The doctor's note he submitted did not suffice.

Consequently, the Tribunal concluded DeGrazia was disqualified

from receiving benefits because he left work voluntarily without

good cause attributable to work. N.J.S.A. 43:21-5(a). DeGrazia

presented no additional evidence to the Board of Review, which

affirmed the Tribunal's decision.

 On appeal, DeGrazia renews his argument that he left work for

health or medical reasons.

 We exercise limited review of the Board's decision. See

Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We will affirm

the Board's decision if it is supported by substantial credible

evidence. Ibid. A person is generally disqualified from receiving

unemployment benefits if he or she "has left work voluntarily

without good cause attributable to such work . . . ." N.J.S.A.

43:21-5(a). We recognize that "[a]n individual who leaves work

because of a disability which has a work-connected origin is not

subject to disqualification for voluntarily leaving work . . . ."

N.J.A.C. 12:17-9.3(a). However, "[w]hen an individual leaves work

for health or medical reasons, medical certification shall be

 3 A-3867-15T1
required to support a finding of good cause attributable to work."

N.J.A.C. 12:17-9.3(d).1

 Simply put, DeGrazia's proofs fell short. The only medical

evidence presented was the doctor's uncertified note. Even reading

that note indulgently, it stated only that DeGrazia was not fit

for work between November 16 and December 2015. It did not address

the cause of DeGrazia's disability, nor did it say he could not

return to his job for health reasons. Rather, the note implied

that he would be fit to return to work on December 1, 2015. Thus,

the Board's decision is supported by substantial credible evidence

since DeGrazia failed to present adequate proof of work-related

illness required by the governing regulation.

 Affirmed.

1
 The person who leaves work for work-related medical reasons must
also demonstrate "there was no other suitable work available which
the individual could have performed within the limits of the
disability." N.J.A.C. 12:17-9.3(a). Neither the Tribunal nor the
Board relied on this requirement. Therefore, we need not address
it.

 4 A-3867-15T1